UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| DAVID L. BOYKIN, | § § § |
| Plaintiff, | § § CIVIL COMPLAINT |
| v. | § § |
| GREEN MOUNTAIN ENERGY COMPANY, | § CASE NO. 6:21-cv-00563-ADA-JCM § § § |
| Defendant. | § |

**DEFENDANT GREEN MOUNTAIN ENERGY COMPANY'S MOTION TO DISMISS**

Defendant Green Mountain Energy Company moves to dismiss Plaintiff David L. Boykin's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I. Introduction

Mr. Boykin brings one claim against Green Mountain Energy Company, alleging that it violated the Telephone Consumer Protection Act ("TCPA") by calling his cellular phone using a particular piece of outdated equipment that Congress defined as an "automatic telephone dialing system" (an "ATDS" or an "autodialer."). *Facebook, Inc. v. Duguid,* 141 S. Ct. 1163, 1167 (2021). Green Mountain did no such thing, and Plaintiff's pleaded facts confirm as much.

In passing the TCPA, Congress did not intend to ban all forms of commercial speech or to ban all telephone calls using any form of technology. Instead, relevant to the Plaintiff's Complaint, Congress only prohibited making certain calls using an ATDS. As the Supreme Court recently observed, the ATDS "revolutionized telemarketing by allowing companies to dial random or sequential blocks of telephone numbers automatically. Congress found autodialer technology to be *uniquely* harmful." *Id.* (emphasis added). Earlier this year, the Supreme Court held (with eight justices joining and one justice concurring) that "Congress' definition of an autodialer [i.e. an

ATDS] requires that in all cases, whether storing or producing numbers to be called, the equipment in question must use a random or sequential number generator." *Id.* at 1170.

Mr. Boykin fails to allege that Green Mountain violated the TCPA because he does not plead facts sufficient to demonstrate that it used an ATDS. Rather than allege that a machine "randomly" or "sequentially" generated his number, which it did not, Mr. Boykin alleges just the opposite: that Green Mountain *specifically* called a *specific person* multiple times, each time asking for someone named "Sandy" to collect on a specific debt. Were the Court to reach that point, the evidence would show that Mr. Boykin is "Sandy" as well as "Sharon." However, the Court does not need to reach the issue of Mr. Boykin's charade, as there is no actionable claim. Courts routinely dismiss TCPA claims, like here, where the messages at issue were directed to a specific person. *See Suttles v. Facebook, Inc.*, 461 F. Supp. 3d 479, 487 (W.D. Tex. 2020); *Snow v. Gen. Elec. Co.*, No. 5:18-CV-511-FL, 2019 WL 2500407, at *4 (E.D.N.C. June 14, 2019), *appeal dismissed,* No. 19-1724, 2019 WL 7500455 (4th Cir. Dec. 30, 2019); *Weisberg v. Stripe, Inc.*, No. 16-CV-00584-JST, 2016 WL 3971296, at *3 (N.D. Cal. July 25, 2016). Because Mr. Boykin fails to state a claim for violation of the TCPA, his Complaint should be dismissed.

## II.     Background

Mr. Boykin makes the following straightforward allegations in his Complaint—none provide any plausible basis for liability:

- In May 2021, Mr. Boykin received a telephone call on his cell phone from Green Mountain. Compl. ¶ 6

- In this call, Green Mountain informed Mr. Boykin that Green Mountain was trying to reach an individual named "Sandy" regarding a debt she allegedly owed. *Id.* ¶ 8.

- A few days later, Mr. Boykin received a collection notice in the mail for an outstanding debt addressed to "Sandy Francois." *Id.* ¶ 10.

- Mr. Boykin received several more calls from Green Mountain regarding the above-mentioned debt allegedly belonging to someone named Sandy. *Id.* ¶ 13.

Mr. Boykin brings a single count[1] alleging that Green Mountain "violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone from May 2021 through the present day, using an ATDS without his prior consent." *Id.* ¶ 34.

### III.  Legal Standard

Rule 12(b)(6) requires dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 8 of the Federal Rules of Civil Procedure, which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) ("[W]e will not strain to find inferences favorable to the plaintiffs and we will not accept conclusory allegations, unwarranted deductions, or legal conclusions.") (citation and quotation marks omitted). A claim is "plausible" on its face only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[1] Mr. Boykin's count is numbered as "Count II" in his Complaint. *See* Compl. at 4. However, the Complaint only contains a single count.

3

alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). Where plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly,* 550 U.S. at 570. Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (citation omitted).

## IV.    Argument

Mr. Boykin's claim must be dismissed because he does not allege that Green Mountain used an ATDS that employed a random or sequential number generator; instead, he "has pleaded the opposite of random or sequential dialing by alleging that he received *targeted* messages directed to . . . [a] third part[y] . . . ." *Suttles*, 461 F. Supp. 3d at 487 (emphasis in original). Where, as here, "a plaintiff's own allegations suggest direct targeting that is inconsistent with the sort of random or sequential number generation required for an ATDS, courts conclude that the allegations are insufficient to state a claim for relief under the TCPA." *Weisberg*, 2016 WL 3971296, at *3-4 (citation and quotation marks omitted) (granting motion to dismiss for failure to allege use of an ATDS where plaintiff alleged that messages he received were "targeted to specific phone numbers").

Numerous courts have dismissed TCPA complaints with similar allegations. For instance, in *Suttles*, like here, the plaintiff alleged that the defendant used an ATDS to send the plaintiff messages "that encouraged him and unknown third parties named 'Hannah,' 'Abel,' and 'Sandra' to log on to facebook.com or provided verification codes assigned to those unknown third parties." *Id.* at 481. The court held that the plaintiff "has pleaded the opposite of random or sequential dialing by alleging that he received *targeted* messages directed to him *and* 'third parties' named 'Hannah,' 'Abel,' and 'Sandra.'" *Id.* at 487 (emphases in original). Based on these allegations, the court held that the plaintiff failed to state a TCPA claim, observing that "[a]llegations of directly

4

targeting specific individuals weigh against an inference that an ATDS was used." *Id.* (citing *Snow*, 2019 WL 2500407, at *4).

Similarly, in *Snow*, the plaintiff alleged that she was receiving messages from the defendant that were "clearly intended for another recipient." 2019 WL 2500407, at *4. The court rejected plaintiff's argument that she was contacted with an ATDS "using a random or sequential number generator," stating that "the facts alleged suggest the opposite. Plaintiff alleges that the text messages did not reach her randomly, but rather reached her because she was assigned a telephone number previously assigned to an individual who received technical alerts as a part of a job function." *Id.* Accordingly, because the messages at issue were sent to "a targeted recipient," the plaintiff failed to allege the use of an ATDS, necessitating dismissal. *Id.*

Like in *Suttles* and *Snow*, rather than alleging the use of a random or sequential number generator, which he cannot, Mr. Boykin's Complaint alleges targeted messages to a specific person. Mr. Boykin's Complaint alleges that Direct Energy called him multiple times, each time asking to speak with someone named "Sandy" regarding her (or Mr. Boykin's) debt. Compl. ¶¶ 8, 13-14. The fact these messages were targeted is further underscored by Mr. Boykin's allegation that he received a collection notice in the mail addressed to "Sandy Francois" (also Mr. Boykin), seeking to collect on the very debt about which he was receiving calls. *Id.* ¶ 10. Because Mr. Boykin fails to state facts that if taken as true would provide a plausible basis for relief (i.e. illegal telemarketing), his claim must be dismissed.

## V.     Conclusion

Based upon the foregoing, Defendant Green Mountain respectfully requests that the Court dismiss Plaintiff David L. Boykin's Complaint, with prejudice, and grant Green Mountain all other relief to which it may show itself justly entitled.

5

Date: August 16, 2021								Respectfully submitted,

McDowell Hetherington LLP

By: */s/ William B. Thomas*
	Michael D. Matthews, Jr.
	Texas Bar No. 24051009
	William B. Thomas
	Texas Bar No. 24083965
	Ryan Goodland
	Texas Bar No. 24087604
	1001 Fannin Street, Suite 2700
	Houston, Texas 77002
	Telephone:   (713) 337-5580
	Telecopy:    (713) 337-8850
	E-mail: matt.matthews@mhllp.com
	E-mail:william.thomas@mhllp.com
	E-Mail:ryan.goodland@mhllp.com

	Attorneys for Defendant
	Green Mountain Energy Company

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing has been served on the 16th day of August 2021 via CM/ECF on all counsel of record.

				*/s/ Ryan Goodland*
				Ryan Goodland